**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRIAN WADE, | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-00129-JCM-GWF |
| vs. | ) | **ORDER** |
| BRIAN SANDOVAL, Governor State of Nevada, *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 34), filed on August 11, 2016. Defendants filed their Response (ECF No. 38) on August 22, 2016. Counsel for Public Employees' Retirement System of Nevada ("NVPERS") filed its Opposition (ECF No. 39) on August 23, 2016.

Plaintiff requests an order from the Court compelling NVPERS to provide the most recent or last known address and current or last known legal name for Defendant Doris Brashford, a former employee of the Nevada Department of Corrections ("NDOC"), to allow Plaintiff to locate Defendant Brashford to effectuate service of process. *Motion to Compel*, (ECF No. 34), Exhibit A. Plaintiff has attempted to effectuate service upon Defendant Brashford in Ely, Nevada, and in Texas. Plaintiff has conducted public record searches to locate Defendant Brashford's contact information. *Id.* at pg. 2. Plaintiff issued subpoenas to both NVPERS and the NDOC to produce the current or last known address and current or last known legal name of Defendant Brashford. NVPERS objected to Plaintiff's subpoena based upon its argument that the information sought was confidential pursuant to NRS 286.110 and 286.117. *Id.* at Exhibit D. Although Defendants do not oppose Plaintiff's Motion to Compel, NVPERS argues that the information being sought by the subpoena is contained only in

its members' individual files that are deemed confidential pursuant to NRS 286.117[1].

Under Federal Rule of Civil Procedure 45(a)(1), any party may serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45; *Kilopass Tech. Inc. v. Sidense Corp.*, 2011 WL 2470493, at *1 (N.D. Cal. June 21, 2011). Once an objection has been raised, the nonparty "is not obligated to comply with the subpoena" until an order is issued directing compliance. *Lo v. Fed. Nat. Mortgage Ass'n*, 2013 WL 2558614, at *4 (D. Nev. June 10, 2013). The Court has discretion to determine whether to grant a motion to compel. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). The Court will weigh the burden placed on the subpoenaed party against the prejudice that would be endured by the requesting party. *Lo*, 2013 WL 2558614, at *4.

Plaintiff issued a subpoena to nonparty NVPERS to obtain only Defendant Brashford's most recent or last known address and current or last known legal name in order to effectuate service upon Defendant Brashford. Plaintiff's subpoena does not request that NVPERS produce the entirety of Defendant Brashford's individual file. The production of the limited information sought by Plaintiff is not overly burdensome. The prejudice that Plaintiff would endure without the limited contact information of Defendant Brashford to effectuate service outweighs the potential burden placed upon NVPERS in producing such information. Furthermore, NRS 286.117 states that records maintained for NVPERS members may be reviewed and copied pursuant to a court order. Nev. Rev. Stat. 286.117. Accordingly,

. . .

---

[1]NRS 286.117 states as follows:

**Limitations on review and copying of records; waiver.** All records maintained for a member, retired employee or beneficiary may be reviewed and copied only by the System, the member, the member's public employer or spouse, or the retired employee or the retired employee's spouse, or pursuant to a court order, or by a beneficiary after the death of the employee on whose account benefits are received. Any member, retired employee or beneficiary may submit a written waiver to the System authorizing the representative of the member, retired employee or beneficiary to review or copy all such records.

1   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 34) is **granted**.
2   NVPERS shall comply with Plaintiff's subpoena to produce Defendant Brashford's most recent or
3   last known address and current or last known legal name.
4   DATED this 31st day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge