UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN WADE, | Case No. 2:16-CV-129 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| BRIAN SANDOVAL, et al., | |
| Defendant(s). | |

Presently before the court is defendants Rene Baker's and Brian Sandoval's motion to dismiss. (ECF No. 14). Plaintiff Brian Wade filed a response (ECF No. 23), to which defendants replied (ECF No. 25).

**I.    Facts**

This is a civil rights action under 42 U.S.C. § 1983 for violations of the First and Eighth Amendments. (ECF No. 6). Plaintiff Brian Wade is an inmate under the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Carlin Conservation Camp. (ECF No. 6 at 2). Defendant Sandoval is the governor of Nevada and the chief executive commissioner for the NDOC being sued in his official capacity. (ECF No. 6 at 2). Defendant Baker is the warden of Ely State Prison being sued in her individual and official capacity. (ECF No. 6 at 2). Defendant Doris Brashford is a caseworker for the NDOC being sued in her individual and official capacity. (ECF No. 6 at 2).

In 2007, plaintiff was sentenced to two 96 to 240 month sentences for driving under the influence and causing a car accident that resulted in the death of one person and the injury of another person. (ECF No. 6 at 2). Plaintiff is considered a non-violent offender. (ECF No. 6 at 2).

1    In 2012, plaintiff was placed in a camp at Pioche. (ECF No. 6 at 3). In May 2013, plaintiff
2    was charged with possession of tobacco with introduction into the prison and sentenced to 12
3    months in disciplinary segregation at Ely State Prison. (ECF No. 6 at 3). In July 2013, plaintiff
4    was placed in the general population.

5    On January 14, 2014, a younger inmate, Tilp, was placed in a cell with plaintiff. (ECF No.
6    6 at 4). Plaintiff alleges that he was not informed that Tilp had been transferred from another
7    prison due to a violent encounter with another inmate at his former Indian Springs facility. (ECF
8    No. 6 at 4).

9    Plaintiff alleges that on January 23, 2014, he woke up to find Tilp stabbing him with a tent
10   stake. (ECF No. 6 at 4). According to plaintiff, Tilp was ordered to kill him to achieve status in
11   the Aryan Warrior prison gang. (ECF No. 6 at 4). Plaintiff was hospitalized for 17 days at Carson
12   Tahoe Regional Hospital in Carson City, Nevada, where he underwent two surgeries. (ECF No. 6
13   at 4). As soon as he was able to do so, plaintiff began making grievances regarding the incident.
14   (ECF No. 6 at 5).

15   Plaintiff was later transferred to the medical unit of the Northern Nevada Correction
16   Center. (ECF No. 6 at 5). In April 2014, plaintiff was transferred to an adjacent camp in Carson
17   City, then sent to Three Lakes Valley Camp where an Aryan Warrior inmate allegedly told him
18   that he was not safe. (ECF No. 6 at 5). Plaintiff alleges that he discussed the incident with his
19   case manager and was transferred to High Desert State Prison and placed in administrative
20   segregation as punishment for reporting the inmate's threat. (ECF No. 6 at 5).

21   On May 18, 2016, plaintiff filed an amended complaint against defendants alleging one
22   cause of action under § 1893 for violations of his First and Eighth Amendment rights. (ECF No.
23   6). Plaintiff seeks compensatory, general, and punitive damages. (ECF No. 6).

24   In the instant motion, defendants Sandoval and Baker argue that plaintiff's amended
25   complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil
26   Procedure 12(b)(6). (ECF No. 14).

27   . . .
28   . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

**James C. Mahan**
**U.S. District Judge**

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (citing *Will*, 491 U.S. at 71); *see also Kentucky v. Graham*, 473 U.S. 159 (1985) (holding that claims against an individual in his official capacity are the functional equivalent of a suit against the entity of which he is an agent).

In his amended complaint, plaintiff alleges a § 1983 claim against defendant Sandoval in his official capacity, defendant Baker in her individual and official capacity, and defendant Brashford in her individual and official capacity. (ECF No. 6 at 2). Thus, plaintiff's § 1983 claim against defendants in their official capacities will be dismissed with prejudice; however, plaintiff's § 1983 claim remains against defendants Baker and Brashford in their individual capacities for violations of his First and Eighth Amendment rights.

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

For a defendant to be held liable under § 1983, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. In other words, there can be no liability under § 1983 based on *respondeat superior* or other theory of vicarious liability. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 663 n.7 (1978); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Prisoners have a First Amendment right to file prison grievances against prison officials. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). In the prison context, First Amendment retaliation under § 1983 requires five elements: (1) a state actor took an adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

The relevant inquiry is whether the prison "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* at 568. A plaintiff who fails to allege a chilling effect may still sufficiently state a claim if a harm is alleged that is more than minimal. *Id.* at n.11; *Brodheim*, 584 F.3d at 1269.

Moreover, "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

To state a valid § 1983 claim for a violation of the Eighth Amendment, a plaintiff must show that the conditions of confinement violated a human need and a prison official was deliberately indifferent to the unconstitutional conditions. *Id.* at 834. The standard for deliberate indifference is equivalent to recklessness in the civil sense, requiring that the defendant "[knew] of and disregarded an excessive risk to inmate health and safety." *Id.* at 836. Additionally, the amount of time an inmate was subjected to the conditions is relevant to the determination of whether the conditions violated a human need. *Hutto v. Finney*, 437 U.S. 687, 686–87 (1978).

Plaintiff alleges that defendants violated his First Amendment rights by sending him to High Desert State Prison and placing him in administrative segregation for reporting to his case manager that an Aryan Warrior inmate had threatened him. (ECF No. 6 at 5). Plaintiff maintains that the transfer was punishment because he had done nothing other than reporting another inmate. (ECF No. 6 at 5).

1    In addition, plaintiff alleges that defendants violated his Eighth Amendment right to be incarcerated in a manner that does not expose him to substantial risk of bodily harm. (ECF No. 6 at 6). Plaintiff argues that defendants Sandoval and Baker have a duty to ensure that prison staff comply with Nevada prison statutes and policies and that prison officials knew that inmate Tilp presented a danger to him. (ECF No. 6 at 6). Citing to NRS 484.3795, plaintiff asserts that the NDOC is required to segregate non-violent offenders from violent offenders and that prison officials are constitutionally prohibited from being deliberately indifferent to policies and practices that expose inmates to substantial risk of harm. (ECF No. 6 at 6).

Defendants argue plaintiff fails to allege that defendants Sandoval and Baker had knowledge of a threat to his safety or that they had any personal participation in his transfer. (ECF No. 14 at 6). Defendants contend that plaintiff also fails to allege personal participation in a constitutional deprivation as to defendants Sandoval and Baker. (ECF No. 14 at 6). Defendants thus maintain that plaintiff fails to state a § 1983 claim against defendants Sandoval and Baker. (ECF No. 14). The court agrees.

Liability under § 1983 attaches upon personal participation by a defendant in the constitutional violation. *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for constitutional violations of subordinates, however, if the supervisor participated in, directed, or knew of the violations and failed to act to prevent them. *Id.* Plaintiff fails to allege that defendants Sandoval and Baker personally participated in any constitutional deprivation or that they knew of any violation and failed to act.

Further, NRS 484.3795 is inapplicable here and was replaced in revision by NRS 484C.310, which sets forth standards for approval of evaluation center. Specifically, NRS 484C.310 states that the "State Board of Health shall adopt by regulation the standards to be used for approving the operation of a facility as an evaluation center for the purposes of NRS 484C.310 to 484C.3620, inclusive." Nev. Rev. Stat. § 484C.310.

In light of the foregoing, defendants' motion to dismiss will be granted.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

### IV. Conclusion

In sum, plaintiff's § 1983 claim against defendants Sandoval, Baker, and Brashford in their official capacities is dismissed with prejudice. Further, plaintiff's § 1983 claim against defendant Baker in her individual capacity is dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Rene Baker's and Brian Sandoval's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's § 1983 claim against defendants Sandoval, Baker, and Brashford in their official capacities be, and the same hereby is, DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's § 1983 claim against defendant Baker in her individual capacity be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED November 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**